STATE ex rel. OKLAHOMA BAR ASSOCIATION v. FRISBY
2024 OK 83
Case Number: SCBD-7791
Decided: 12/16/2024
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2024 OK 83, __ P.3d __

 

 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
MATTHEW FRISBY, Respondent.

ORDER APPROVING RESIGNATION
FROM OKLAHOMA BAR ASSOCIATION
PENDING DISCIPLINARY PROCEEDINGS

¶1 Complainant State of Oklahoma ex rel. Oklahoma Bar Association has presented this Court with an application to approve the resignation of Respondent Matthew Frisby, OBA No. 19096, from membership in the Oklahoma Bar Association. Respondent requests that he be allowed to relinquish his license to practice law and to resign his bar membership pending disciplinary proceedings, as detailed in his affidavit prepared in compliance with Rule 8.1, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2021, ch. 1, app. 1-A. As provided in Rule 8.2, RGDP, the Court "may enter an order approving the resignation pending disciplinary proceedings" upon the filing of Respondent's affidavit in this Court.

¶2 Complainant's application and Respondent's affidavit in support of resignation reflect the following:

(1) Respondent was admitted to membership in the Oklahoma Bar Association on October 2, 2001. On November 5, 2024--while the subject of an investigation into allegations of misconduct--Respondent executed his written affidavit of resignation from membership in the Oklahoma Bar Association. Complainant transmitted the affidavit of resignation and filed an application for the Court's order approving Respondent's resignation on November 21, 2024.

(2) Respondent's resignation is freely and voluntarily tendered without coercion or duress. Respondent is fully aware of the legal consequences of submitting his resignation.

(3) Respondent is aware that grievances have been filed against him and are being investigated by the Office of the General Counsel, Oklahoma Bar Association, in the following matters:

a) DC-22-156: A grievance brought by client Audrey Ochoa alleging that Respondent failed to properly communicate with her, and she eventually had to hire another attorney. Respondent admits he failed to make a supplemental response to the grievance during the OBA's investigation.

b) DC-23-32: A grievance brought by client Megan Buckler alleging that Respondent failed to properly communicate with her, and she eventually had to hire another attorney. Respondent admits he failed to respond to the grievance mailed to his roster address on two separate occasions.

c) DC-23-120: A grievance brought by client Pedro Zardeneta alleging that his workers' compensation claim was dismissed because Respondent lost his file. The statute of limitations has now passed and Mr. Zardeneta's claim cannot be reconsidered. Respondent admits he failed to respond to the grievance mailed to his roster address on two separate occasions.

d) DC-24-137: A grievance brought by client Holly Jenkins alleging that Respondent settled Ms. Jenkins's personal injury case for policy limits of $100,000.00 but only provided her with $7,832.00 of the settlement funds through a Venmo payment and never provided an accounting to her. Respondent admits he failed to deposit the settlement check in his IOLTA, and he has misappropriated funds that belong to Ms. Jenkins. Respondent admits he failed to respond to the grievance mailed to his roster address.

(4) Respondent acknowledges that if the investigation results in Complainant filing a formal complaint and the allegations are proven, his conduct would constitute violations of Rules 1.1, 1.3, 1.4, 1.5, 1.15, 1.16, 8.4(a), and 8.4(d) of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.2021, ch. 1, app. 3-A, Rules 1.3 and 5.2, RGDP, and the Oath of Attorney.

(5) Respondent is aware the burden of proving these violations rests with the OBA; however, Respondent has waived any and all right to contest the allegations.

(6) Respondent states that he has familiarized himself with Rule 9.1, RGDP, and agrees to comply with all provisions of Rule 9.1 within twenty (20) days following approval of his resignation.

(7) Respondent acknowledges that, pursuant to Rule 8.2, RGDP, (a) the decision to approve or disapprove his resignation is in the sole discretion of the Oklahoma Supreme Court; (b) he may only be reinstated to the practice of law after full compliance with the conditions and procedures prescribed by Rule 11, RGDP; and (c) he may not apply for reinstatement of his license to practice law (and of his membership in the Bar) before the expiration of five (5) years from the date of this Order.

(8) Respondent acknowledges that, as a result of his conduct, the Client Security Fund may receive claims from his former clients. Respondent agrees that, should the Oklahoma Bar Association approve and pay such Client Security Fund claims, he will reimburse the Fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

(9) Respondent affirms that he has surrendered his Oklahoma Bar Association membership card to the Office of the General Counsel.

(10) Respondent agrees to cooperate with the Office of the General Counsel in the tasks of identifying (a) any active client cases wherein documents and files need to be returned or forwarded to new counsel and (b) any client case where fees or refunds are owed by him.

(11) Respondent acknowledges that he is responsible for paying any costs incurred in these proceedings, which this Court may order him to pay, prior to seeking reinstatement.

(12) Respondent's address appears on the official Bar roster as: 620 N. Robinson Ave., Ste. 207, Oklahoma City, OK 73102-6217.

¶3 IT IS THEREFORE ORDERED that the resignation of Matthew Frisby tendered during the pendency of disciplinary proceedings be approved and that his resignation is deemed effective upon the filing of this Order in the Office of the Clerk of the Supreme Court of Oklahoma.

¶4 IT IS FURTHER ORDERED that Respondent's name be stricken from the Roll of Attorneys and--because an attorney's resignation pending disciplinary proceedings is tantamount to disbarment--he may not apply for reinstatement of his license to practice law (and of his membership in the Bar) before the lapse of five (5) years from the date of this Order.

¶5 IT IS FURTHER ORDERED that Respondent shall comply with all aspects of Rule 9.1, RGDP.

¶6 IT IS FURTHER ORDERED that repayment of any sums expended from the Client Security Fund for monies paid to former clients of Respondent shall be a condition satisfied prior to any future reinstatement.

¶7 IT IS FURTHER ORDERED that Respondent shall reimburse the OBA for the costs incurred in these proceedings, in the amount of $235.00, within ninety days of the date of this Order.

¶8 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 16th DAY OF DECEMBER, 2024.

 

/s/Chief Justice

CONCUR: Kane, C.J., Rowe, V.C.J., Winchester, Edmondson, Combs, Gurich, Darby, and Kuehn, JJ.